UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:            -CIV-

RODOLFO ALONSO and
PEDRO MOYA

      Plaintiffs,

v.

RODRIGUEZ BAKERY EQUIPMENT, INC.
a Florida Corporation, and Mario Rodriguez,
an individual

      Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, RODOLFO ALONSO (hereafter referred to as "ALONSO") and Plaintiff, PEDRO MOYA (hereafter referred to as "MOYA") (collectively referred to as "Plaintiffs") by and through his undersigned counsel, and hereby sues Defendants, RODRIGUEZ BAKERY EQUIPMENT, INC., a Florida Corporation, (hereafter referred to as "BAKERY"), and MARIO RODRIGUEZ, an individual (hereafter referred to as "RODRIGUEZ") (collectively referred to as "Defendants") and as ground alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29. U.S.C. §201 *et. seq.*("FLSA").

## PARTIES

2. Plaintiff, RODOLFO ALONSO, is an adult, male resident of the United States who presently resides in Miami, Miami-Dade County, Florida.

3.  Plaintiff, PEDRO MOYA, is an adult, male resident of the United States who presently resides in Miami, Miami-Dade County, Florida.

4.  Defendant, BAKERY, a Florida Corporation, did at all times material, conduct substantial and continuous business in the Southern District of Florida. BAKERY is located at 16701 NW 37th Court Hialeah, FL 33147.

5.  Defendant, RODRIGUEZ, owned, managed, and/or operated BAKERY and regularly exercised the authority to hire and fire employees, determine work schedule of employees, set the rate of pay for employees, and controls the finances and operations of BAKERY.

6.  The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. §203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

7.  Based upon information and belief, the annual gross sales volume of the Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

8.  At all times material hereto, ALONSO is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

9.  At all times material hereto, MOYA is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, the worked performed by ALONSO was directly essential to the business performed by the Defendants.

11. At all times material hereto, the worked performed by MOYA was directly essential to the business performed by the Defendants.

12. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

13. At all times material, during ALONSO's employment with Defendants, the Defendants were engaged in interstate commerce of in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all times material, during MOYA's employment with Defendants, the Defendants were engaged in interstate commerce of in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

15. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

16. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

17. On or about December 4, 2017 ALONSO was hired as an assembler at BAKERY. On or about July 3, 2019 ALONSO no longer worked for BAKERY.

18. On or about March of 2015, MOYA was hired as an assembler at BAKERY. On or about September 21, 2019 MOYA no longer worked for BAKERY.

19. Plaintiffs were given a wage of twelve dollars ($12.00) an hour.

20. In many weeks, Plaintiffs worked in excess of forty (40) hours per week, but were not paid at the rate of time-and-one-half his regular hourly rate.

21. Between December 4, 2017 and July 3, 2019, ALONSO worked approximately one thousand two hundred sixty-four (1,264) overtime hours.

22. Between November 14, 2017 and September 21, 2019, MOYA worked approximately two thousand fifty-eight (2,058) overtime hours.

23. Although the Defendants were able to keep track of hours worked by Plaintiffs and other employees similarly situated, the Defendants failed to pay Plaintiffs or other similarly situated employees at an overtime rate when working in excess of forty (40) hours a week.

24. Plaintiffs should have been paid an hourly, non-exempt rate during the entire course of their employment with the Defendants.

25. ALONSO is still owed for his overtime work completed from December 4, 2017 to July 3, 2019.

26. MOYA is still owed for his overtime work completed from November 14, 2017 to September 21, 2019.

### COUNT I
### Violation of 29 U.S.C. §207 (Unpaid Overtime )
### *(Plaintiff Alonso Against the Defendants)*

27. Plaintiffs, ALONSO, re-allege and re-incorporate paragraphs 1-26 as fully alleged therein.

28. As of December 4, 2017, in addition to ALONSO's normal, regular work week, ALONSO worked additional hours in excess of forty (40) per week for which he was no compensated at the statutory rate of time and one-half.

29. ALONSO was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

30. Defendants failed to pay ALSONO's overtime compensation in the lawful amount for hours worked by ALONSO in excess of the maximum provided for in the FLSA.

31. At all times, Defendants willfully employed ALONSO for many work weeks longer than forty (40) hours, and failed and refused to compensate ALONSO for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

32. As a result of the unlawful acts of Defendants, ALONSO and all persons similarly situated to him have been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorney's fees and cost.

33. Defendants remain owing ALONSO overtime wages, and ALONSO is entitled to recover double damages pursuant to the FLSA.

34. Records, if any, concerning the number of hours worked by ALONSO and the actual compensation paid to him are in the possession and custody of Defendants.

35. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate ALONSO at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

36. Defendants failed to properly disclose or apprise ALONSO of his rights under the FLSA.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, ALONSO has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount in liquidated damages.

38. ALSONO is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, ALSONO respectfully requests that judgment be entered in their favor against Defendants, BAKERY and RODRIGUEZ:

   a. Declaring that Defendants have violated the maximum provisions of 29 U.S.C. §201;

   b. Awarding ALONSO overtime compensation in the amount calculated;

   c. Awarding ALONSO liquidated damages in the amount calculated;

   d. Awarding ALONSO reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding ALONSO post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just.

### COUNT II
### Violation of 29 U.S.C. §207 (Unpaid Overtime)
### *(Plaintiff Moya Against the Defendants)*

39. Plaintiffs, MOYA, re-allege and re-incorporate paragraphs 1-26 as fully alleged therein.

40. As of November 14, 2017, in addition to MOYA's normal, regular work week, MOYA worked additional hours in excess of forty (40) per week for which he was no compensated at the statutory rate of time and one-half.

41. MOYA was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

42. Defendants failed to pay MOYA's overtime compensation in the lawful amount for hours worked by MOYA in excess of the maximum provided for in the FLSA.

43. At all times, Defendants willfully employed MOYA for many work weeks longer than forty (40) hours, and failed and refused to compensate MOYA for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

44. As a result of the unlawful acts of Defendants, MOYA and all persons similarly situated to him have been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorney's fees and cost.

45. Defendants remain owing MOYA overtime wages, and MOYA is entitled to recover double damages pursuant to the FLSA.

46. Records, if any, concerning the number of hours worked by MOYA and the actual compensation paid to him are in the possession and custody of Defendants.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate MOYA at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

48. Defendants failed to properly disclose or apprise MOYA of his rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, MOYA has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount in liquidated damages.

50. MOYA is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, MOYA respectfully requests that judgment be entered in their favor against Defendants, BAKERY and RODRIGUEZ:

    a.  Declaring that Defendants have violated the maximum provisions of 29 U.S.C. §201;

    b.  Awarding MOYA overtime compensation in the amount calculated;

    c.  Awarding MOYA liquidated damages in the amount calculated;

    d.  Awarding MOYA reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b);

    e.  Awarding MOYA post-judgment interest; and

    f.  Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**

*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida  33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com